

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00392-CV

KEITH LAWRENCE SOMERVILLE, APPELLANT

V.

DALLAS COUNTY INCORPORATED, TARRANT COUNTY INCORPORATED, BEXAR COUNTY INCORPORATED, ECTOR COUNTY INCORPORATED, NUECES COUNTY INCORPORATED, CHEROKEE COUNTY INCORPORATED, MATAGORDA COUNTY INCORPORATED, HARRIS COUNTY INCORPORATED, ET AL., APPELLEES

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 186,438-A, Honorable Jeff McKnight, Presiding

May 13, 2019

## ORDER ON MOTION FOR INJUNCTION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Keith Lawrence Somerville, a prison inmate appearing pro se and *in forma pauperis*, appealed an order dismissing as frivolous his suit against multiple Texas counties and individuals.[1]  The appeal remains pending before us.  On April 16, 2019, Somerville filed a motion requesting we issue an injunction against Dallas County.

---

[1] Somerville named as defendants the counties of Bexar, Cherokee, Dallas, Ector, Harris, Hood, Matagorda, Nueces, Potter, Randall, Smith, and Tarrant, and two former

As we understand his petition, Somerville complains that Dallas County has interfered with his release on parole through an act of "retaliation" because of Somerville's underlying civil suit.  He seeks our order imposing unspecified sanctions "on appellees"; mandating Dallas County to "cease and desist"; mandating Somerville's immediate release from prison on parole; temporarily restraining Dallas County; and, alternatively, compelling "appellees to offer [an amicable] settlement of said case."

Texas Government Code section 22.221 governs the limited power of courts of appeals to issue writs.  TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2018).  A court of appeals may issue a writ of mandamus against a judge of a district, statutory county, statutory probate, or county court, a judge acting as a magistrate in a court of inquiry, and an associate judge of a district or county court, in the court of appeals' district.  TEX. GOV'T CODE ANN. § 22.221(b).  If its jurisdiction is threatened, a court of appeals may issue a writ of mandamus and "all other writs" necessary to enforce its jurisdiction.  TEX. GOV'T CODE ANN. § 22.221(a).  But a court of appeals' writ power extends beyond the types of judicial officers identified in section 22.221(b) only if extraordinary relief is necessary to enforce the court's jurisdiction.  *See In re McCarver,* No. 06-18-00213-CR, 2019 Tex. App. LEXIS 28, at *1-2 (Tex. App.—Texarkana Jan. 4, 2019, orig. proceeding) (mem. op., not designated for publication) (explaining "[o]ur jurisdiction does not extend to other parties, such as a district attorney or a private individual, unless such mandamus relief would be necessary to enforce our jurisdiction").

---

Dallas County assistant district attorneys, two former Texas Attorneys General, and two former Texas governors.

2

We are not shown how any activity of Dallas County threatens the exercise of our jurisdiction over the present appeal. We therefore lack jurisdiction over Somerville's request for injunctive relief against Dallas County. Somerville's motion for writ of injunction is dismissed for want of jurisdiction.

It is so ordered.

Per Curiam